UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER F. ALFANO, JR.,

                Plaintiff,

v.                                                      Case No. 7:15-CV-0345 (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

CONBOY, McKAY, BACHMAN & KENDALL     LAWRENCE HASSELER, ESQ.
  Counsel for Plaintiff
407 Sherman Street
Watertown, NY 13601-9990

U.S. SOCIAL SECURITY ADMIN.                ANDREEA LECHLEITNER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
– REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **<u>DECISION and ORDER</u>**

        Currently before the Court, in this Social Security action filed by Peter F. Alfano, Jr. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, and (2) Plaintiff's objections to the Report and Recommendation. (Dkt. Nos. 16, 17.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

## I. PLAINTIFF'S OBJECTIONS

Generally, Plaintiff makes three arguments in objection to Magistrate Judge Carter's Report and Recommendation. (Dkt. No. 17, at 1-4.)

First, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that the ALJ properly afforded no evidentiary weight to the opinions of treating physicians Dr. Meny and Dr. Izant regarding Plaintiff's ultimate disability status. (*Id.* at 1-2.) More specifically, Plaintiff argues that it was reversible error for the ALJ to afford no weight to the opinions of Dr. Meny and Dr. Izant and there is no substantial evidence to support a conclusion that Plaintiff was not disabled since February 1, 2013. (*Id.*)

Second, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that the ALJ properly assessed the medical evidence of record and, therefore, Plaintiff's argument that his condition worsened after February 1, 2013 fails. (*Id.* at 3.) More specifically, Plaintiff argues that the opinions of consultative examiner Dr. Boehlert and State agency medical consultant Dr. Findlay cannot constitute substantial evidence of Plaintiff's residual functional capacity because Plaintiff's condition significantly deteriorated after their opinions were rendered. (*Id.*)

Third, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that the ALJ properly evaluated Plaintiff's credibility. (*Id.* at 3-4.) More specifically, Plaintiff argues that the ALJ incorrectly stated that Dr. Meny's treatment notes do not reflect Plaintiff's reported symptoms. (*Id.*)

## II. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

### III. ANALYSIS

The Court finds that Plaintiff's objections merely reiterate arguments presented in his initial brief. (*Compare* Dkt. No. 17 *with* Dkt. No. 12.) Therefore, the Court reviews the portions of Magistrate Judge Carter's Report and Recommendation addressed in Plaintiff's objections for clear error only. After carefully reviewing the relevant filings in this action, including Magistrate Judge Carter's thorough Report and Recommendation, the Court can find no clear error in the Report and Recommendation. Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 16.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: July 5, 2016
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge